IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02684-PAB-CBS

DOUGLAS A. MAYHEW,
    Plaintiff,
v.

JANET M. STANLEE WEST-WATT,
LAW OFFICE OF M. STANLEE WEST-WATT,
BARRE M. SAKOL,
BARRE M. SAKOL, P.C., and
JANE M. WELLS,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff Mr. Mayhew's "Motion for Leave to Amend Amended Complaint" (filed November 30, 2010) (doc. # 54); and (2) Defendants West-Watt, Law Office of West-Watt, Sakol, and Sakol, P.C.'s "Joint Unopposed Motion for Second Extension of Time to File Responsive Pleadings" (filed November 30, 2010 (doc. # 53). Pursuant to the Order of Reference dated December 8, 2009 (doc. # 2) and the memorandum dated December 1, 2010 (doc. # 55), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Mayhew's Motion is properly denied for several reasons. First, it is not necessary for Mr. Mayhew to amend his Amended Complaint merely to name Defendant Wells as "Jane M. Wells, J.D., Ph. D., LLC." Second, it is not necessary for Mr. Mayhew to amend his pleading to include Exhibit A. While Exhibit A might be

presented at some later stage of the litigation, it is not a proper basis for amending the Amended Complaint. Finally, Mr. Mayhew has not submitted a copy of his proposed amendment. The court may deny a motion to amend a complaint for failure to submit a copy of the proposed amended pleading. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide a copy of the proposed amended pleading, among other things); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion); *Brown v. Harris*, 2006 WL 3833938 at * 2 (D. Colo. Dec. 28, 2006) (concluding "that it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document") (citation omitted).

Accordingly, IT IS ORDERED that:

1.  Mr. Mayhew's "Motion for Leave to Amend Amended Complaint" (filed November 30, 2010) (doc. # 54) is DENIED.

2.  Defendants West-Watt, Law Office of West-Watt, Sakol, and Sakol, P.C.'s "Joint Unopposed Motion for Second Extension of Time to File Responsive Pleadings" (filed November 30, 2010 (doc. # 53) is GRANTED. These Defendants may file their response to the Amended Complaint (doc. # 47) within one week after the January 14, 2011 Status Conference, on or before **January 21, 2011.**

DATED at Denver, Colorado, this 6th day of December, 2010.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge