IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02684-PAB-CBS

DOUGLAS A. MAYHEW,
    Plaintiff,
v.

JANET M. STANLEE WEST-WATT,
LAW OFFICE OF M. STANLEE WEST-WATT,
BARRE M. SAKOL,
BARRE M. SAKOL, P.C., and
JANE M. WELLS,
    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) "The Sakol Defendants' Motion to
Dismiss for Lack of Subject Matter Jurisdiction" ("Sakol Defendants' Motion") (filed
January 7, 20110) (Doc. # 58); (2) "Motion to Dismiss Amended Complaint" filed by
Defendants J.M. Stanlee West-Watt and the Law Office of M. Stanlee West-Watt on
January 21, 2011 ("West-Watt Defendants' Motion") (Doc. # 63); and (3) "Defendant
Jane M. Wells and Jane M. Wells, J.D., Ph.D, L.L.C.'s Motion to Dismiss Pursuant to
Fed. Civ. R. 12(b)(6)" ("Wells Defendants' Motion") (filed March 18, 2011) (Doc. # 72).
Pursuant to the Order of Reference dated December 8, 2009 (Doc. # 2) and the
memoranda dated January 7, 2011 (Doc. # 59), January 24, 2011 (Doc. # 65), and
March 18, 2011 (Doc. # 73), these matters were referred to the Magistrate Judge.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Mayhew filed his "Amended Complaint and Jury Demand"
on November 8, 2010.  (*See* Doc. # 47).  This action arises out of proceedings that
occurred in state court regarding Mr. Mayhew's dissolution of marriage in *The Matter of*

*Kimberley Mayhew and Douglas Mayhew* in the District Court for the County of Boulder, Case No. 2007DR654.  (*See* Doc. # 47 at pp. 1-13 of 17).  The Sakol Defendants provided legal representation to Mr. Mayhew in the dissolution of marriage and associated child custody and visitation proceedings.  (*See* Doc. # 47 at p. 3 of 17, ¶ 6).  The West-Watt Defendants provided legal representation to Mr. Mayhew's ex-wife.  (*See* Doc. # 47 at p. 2 of 17, ¶ 6).  Defendant Wells acted as court-appointed Child Family Investigator ("CFI").  (*See* Doc. # 47 at pp. 3, 6 of 17, ¶¶ 7, 21).

Mr. Mayhew brings this action pursuant to Title 42 U.S.C. § 1983 and alleges that this court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal question) and 28 U.S.C. § 1367 (Supplemental jurisdiction).  (*See* Doc. # 47 at p. 2 of 17, ¶ 1).  Mr. Mayhew alleges three claims.  His First Claim for Relief is "Conspiracy to Interfere With Family Relations, Civil Conspiracy (1st Amendment, 4th Amendment, 5th Amendment, 9th Amendment, 14th Amendment Procedural Due Process Violations)" against all Defendants.  (*See* Doc. # 47 at pp. 13-14 of 17).  The entirety of his Second and Third Claims for Relief states: "INTERFERENCE WITH PERFORMANCE OF A CONTRACT (RESERVED)" and "LEGAL MALPRACTICE: PROFESSIONAL NEGLIGENCE; BREACH OF FIDUCIARY DUTY; BREACH OF CONTRACT; CONSTRUCTIVE FRAUD (RESERVED)."  (*See* Doc. # 47 at p. 14 of 17) (capitalization in original).  As relief, Mr. Mayhew seeks monetary damages, among other things.  (*See id.* at pp. 15-16 of 17).

Mr. Mayhew commenced this civil action in his *pro se* capacity with the filing of the original Complaint on November 16, 2009.  (*See* Doc. # 1).  On March 16, 2010, Mr. Mayhew requested "additional time to complete my process of service on" the West-Watt Defendants.  (*See* Doc. # 8).  The court issued an Order to Show Cause why the Complaint should not be dismissed on several grounds.  (*See* Doc. #7).  The court noted that the Complaint "is an incomplete document, containing only pages 1-3, 4 and 25-27 of a purported 27 total pages and containing only a single claim for relief of

2

numerous purported claims." (*See id.*).  The court held Mr. Mayhew's request for additional time in abeyance and directed Mr. Mayhew to file with the court a complete and accurate copy of his Complaint on or before April 1, 2010 at 5:00 p.m.  (*See* Doc. # 14).  Mr. Mayhew appealed the Magistrate Judge's Orders to District Judge Brimmer. (*See* Doc. # 17).

On April 5, 2010 and April 14, 2010, the Sakol Defendants and the West-Watt Defendants filed Motions to Dismiss, which were referred to the Magistrate Judge.  (*See* Docs. # 19, # 20, # 22, # 23).  By Minute Orders dated April 6, 2010 and April 15, 2010, Mr. Mayhew was directed to file his responses to the respective Motions on or before April 28, 2010 and May 6, 2010.  (*See* Docs. # 21 and # 24).  On April 28, 2010, Mr. Mayhew appealed the Magistrate Judge's April 6, 2010 Order to District Judge Brimmer. (*See* Doc. # 25).  Judge Brimmer referred the appeal to the Magistrate Judge.  (*See* Doc. # 26).  The Magistrate Judge denied Mr. Mayhew's appeal on procedural grounds. (*See* Doc. # 27).  On May 6, 2010, Mr. Mayhew appealed the Magistrate Judge's April 15, 2010 Order to District Judge Brimmer.  (*See* Doc. # 30).

On June 1, 2010, Mr. Mayhew filed a motion purportedly pursuant to Fed. R. Civ. P. 59(e) and 60(a) or (b).  (*See* Doc. # 36).  Therein, Mr. Mayhew clarified that he was not filing "a responsive paper to the Sakol Defendants' Motion to Dismiss." (*See* Doc. # 36 at pp. 2-3 of 6, ¶¶ 5-8).  By a Minute Order dated August 24, 2010, the court set a Status Conference on October 4, 2010.  (*See* Doc. # 38).  At Mr. Mayhew's request, the court rescheduled the Status Conference to October 25, 2010, to permit Mr. Mayhew to attend a photography  workshop.  (*See* Docs. # 39 and # 41).  On October 5, 2010, the court *sua sponte* rescheduled the Status Conference to October 28, 2010, based on a conflict on the court's calendar.  (*See* Doc. # 42).  On October 22, 2010, Mr. Mayhew moved to reset the Status Conference in order to prepare for a hearing in the District Court for the County of Boulder set on November 3 through 5, 2010.  (*See* Doc. # 43).

The court denied Mr. Mayhew's request and held the Status Conference on October 28, 2010.  (*See* Docs. # 45 and # 46).

At the October 28, 2010 Status Conference, the court explained to Mr. Mayhew, among other things, that the original Complaint was defective.  (*See* Doc. # 46).  The court granted Mr. Mayhew leave to file an Amended Complaint on or before November 8, 2010 and indicated that no further extensions of time would be permitted.  (*See id.*).  Mr. Mayhew filed his Amended Complaint on November 8, 2010.  (*See* Doc. # 47).  The Amended Complaint added Defendant Wells.  (*See id.*).  In light of the Amended Complaint, the court denied without prejudice and/or as moot all motions that were pending at that time.  (*See* Doc. # 48).

By a Minute Order dated November 12, 2010, the court set a further Status Conference on January 14, 2011.  (*See* Doc. # 49).  On November 22, 2010, the court granted the Sakol Defendants' and the West-Watt Defendants' unopposed request for an extension of time to answer or otherwise respond to the Amended Complaint.  (*See* Docs. # 50, # 52).  On November 30, 2010, Mr. Mayhew moved to amend his Amended Complaint to identify Defendant Wells as "J.D., Ph.D., LLC" and to submit an exhibit.  (*See* Doc. # 54).  On December 6, 2010, the court denied Mr. Mayhew's Motion to Amend as unnecessary and granted the Sakol Defendants' and the West-Watt Defendants' second unopposed request for an extension of time to answer or otherwise respond to the Amended Complaint.  (*See* Docs. # 53, # 57).  The Sakol Defendants filed their Motion to Dismiss on January 7, 2011.  (*See* Doc. # 58).  Mr. Mayhew filed notice of his change of address on January 11, 2011.  (*See* Doc. # 60).

The court held a second Status Conference on January 14, 2011.  (*See* Courtroom Minutes/Minute Order (Doc. # 62)).  In Mr. Mayhew's presence, the court set a deadline of "20 days within the filing of the Sakol Defendants' Motion to Dismiss" for Mr. Mayhew to file "one consolidated Response to the Motions to Dismiss."  (*See id.*).

The court noted that Mr. Mayhew had not filed proof of service on Defendant Wells. The court also stayed all discovery and pretrial proceedings pending a ruling on the Motions to Dismiss.  (*See* Doc. # 62).

The West-Watt Defendants filed their Motion to Dismiss on January 21, 2011. (*See* Doc. # 63).  The court directed Mr. Mayhew to file his consolidated response to the Motions to Dismiss on or before February 15, 2011.  (*See* Doc. # 64).  On February 10, 2011, Mr. Mayhew filed a Return of Service on Defendant Wells.  (*See* Doc. # 67).  Mr. Mayhew filed nothing more with the court between February 10, 2011 and April 15, 2011.   Mr. Mayhew did not file his consolidated response to the Motions to Dismiss on or before February 15, 2011.

On February 23, 2011, the court granted the Wells Defendants an extension of time to respond to the Amended Complaint.  (*See* Docs. # 69 and # 71).  The Wells Defendants filed a Motion to Dismiss on March 18, 2011.  (*See* Doc. # 72).  By a Minute Order dated March 18, 2011, the court directed Mr. Mayhew to file his response to the Wells Defendants' Motion to Dismiss on or before April 18, 2011.  (*See* Doc. # 74).  Mr. Mayhew filed notice of his change of address on April 15, 2011.  (*See* Doc. # 75).  On April 19, 2011, Mr. Mayhew filed an unopposed request for an extension of time to respond to "defendants' motions to dismiss and other like papers," based on difficulties in changing his residence.  (*See* Doc. # 76).  On April 19, 2011, the court granted Mr. Mayhew an extension of time to April 25, 2011 to file his response to the Wells Defendants' Motion.  The court specifically denied an extension of time to respond to the Sakol Defendants' Motion and the West-Watt Defendants' Motion as filed out of time and for failure to show excusable neglect.  (*See* Doc. # 78).  On April 26, 2011, Mr. Mayhew sought an additional extension of time "to file my response or otherwise respond to defendants' motions to dismiss . . . ," based again on his change of residence and on his need to spend time doing "photography . . . working out,

exercising, . . ." in the interests of his health.   (*See* Doc. # 79).  On April 27, 2011, the

court denied Mr. Mayhew's request for an additional extension of time.  (*See* Doc. # 81).

To date, Mr. Mayhew has not filed a response to any of the three pending Motions to

Dismiss.  The court has reviewed the Motions, the pleadings, the entire case file, the

proceedings held in open court on October 28, 2010 and January 14, 2011, and the

applicable law and is sufficiently advised in the premises.


II.    Standard of Review

Defendants challenge the allegations of subject matter jurisdiction in the

Amended Complaint.  (*See* Docs. # 58, # 63, # 72 at pp. 2, 5-7 of 12).  Rule 12(b)(1)

empowers a court to dismiss a complaint for "lack of jurisdiction over the subject

matter." Fed. R. Civ. P. 12(b)(1).[1]  The determination of subject matter jurisdiction is a

threshold question of law.  *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841

F.2d 1011, 1012 (10th Cir. 1987).

> Rule 12(b)(1) empowers a court to dismiss a complaint for 'lack of
> jurisdiction over the subject matter.'  Fed.R.Civ.P. 12(b)(1) (2008).
> Dismissal under Rule 12(b)(1) is not a judgment on the merits of a
> plaintiff's case, but only a determination that the court lacks authority to
> adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th
> Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and
> may only exercise jurisdiction when specifically authorized to do so).  A
> court lacking jurisdiction 'must dismiss the cause at any stage of the
> proceeding in which it becomes apparent that jurisdiction is lacking.'
> *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A
> Rule 12(b)(1) motion to dismiss 'must be determined from the allegations
> of fact in the complaint, without regard to mere conclusory allegations of
> jurisdiction.' *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).
> The burden of establishing subject matter jurisdiction is on the party
> asserting jurisdiction.  *See Basso*, 495 F.2d at 909.  Accordingly, Plaintiff
> in this case bears the burden of establishing that this court has jurisdiction
> to hear his claims.

---

[1]    The West-Watt Defendants appear to have erroneously cited Rule 12(b)(5).
(*See* Doc. # 63 at p. 1 of 17).

*Stine v. Wiley*, 2008 WL 4277748 * 3 (D. Colo. Sept. 16, 2008).[2]

The Wells Defendants also move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Because Mr. Mayhew appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of

---

[2]  Copies of unpublished decisions cited are attached to this Recommendation.

those issues").

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

III.    Analysis

Because the parties in this case are not diverse, "if federal subject matter jurisdiction exists, it must arise under a law of the United States." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing 28 U.S.C. § 1331). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks and citation omitted). "Thus, a district court may exercise jurisdiction when the cause of action is created by federal law or turns on a substantial question of federal law." *Id.* "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Celli v. Shoel*, 40 F.3d 324, 327 (10th Cir. 1994) (internal quotation marks and citations omitted).

A.      Color of State Law

Title 42 U.S.C. § 1983 creates a cause of action where a "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. "To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Conn v. Gabbert*, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Mr. Mayhew does not allege that the Sakol Defendants and the West-Watt Defendants were acting in any capacity other than as privately retained counsel in state court divorce proceedings. The conduct of the Sakol Defendants and the West-Watt Defendants as retained counsel "does not rise to the level of state action within the meaning of § 1983." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994). *See also Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983.") (internal quotation marks and citation omitted); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) ("vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

The court also concludes that Defendant Wells is not a state actor and did not act under color of state law in the role of CFI.  A CFI may be appointed by the court in domestic relations cases, pursuant to state statute. *See* Colo. Rev. Stat. § 14-10-116.5. "[T]aking into consideration the relevant factors for determining the best interests of the child," a CFI's role is to "make independent and informed recommendations to the court."  *See id.*  This role does not constitute state action under § 1983.  *See Williams v. Bierman*, 46 F. Supp. 2d 1262, 1267 (M.D. Fla. 1999) (self-employed, private, clinical psychologist appointed by court as court's witness to evaluate minor child regarding child custody and visitation petition filed in state court did not act under color of state law for purposes of liability under § 1983).

Private conduct may constitute state action, however, if it is "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  *See also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (where "a § 1983 claim is based on the conduct of a private individual, that conduct constitutes state action if it is fairly attributable to the state.") (internal quotation marks and citations omitted).  The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case," *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1456 (10th Cir. 1995), including: (1) the "public function" test, (2) the "nexus" test, (3) the "joint action" test and (4) the "state compulsion" test.  *Lugar*, 457 U.S. at 939.  "Under each of these four tests, 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.' " *Gallagher*, 49 F.3d at 1447-48 (quoting *Lugar*, 457 U.S. at 937). "A private individual's conduct is fairly attributable to the state if two conditions are met."  *Scott v. Hern*, 216 F.3d at 906. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible."  *Lugar*, 457 U.S. at 937.  "Second, the party charged with the

deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

The court concludes that the actions by Defendants that Mr. Mayhew alleges do not satisfy the tests or conditions for attributing private conduct to the state.

> The public function test consists of determining whether the state has delegated to a private party a function traditionally exclusively reserved to the States.  This is an arduous standard to satisfy.  While many functions have been traditionally performed by governments, very few have been exclusively reserved to the State.  This often involves situations such as when private parties hold elections, perform necessary municipal functions, or run a nursing facility. In situations such as these, the actions taken were considered to be equivalent to state action, because the private parties performed a service which was traditionally the exclusive prerogative of the state.

*Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (internal quotation marks and citation omitted).  Mr. Mayhew has not alleged that the Defendants work for the state or that their actions were actions traditionally exclusively reserved to the state. The allegations of the Amended Complaint do not support state action under the public function test.

Second, "[u]nder the nexus test, a plaintiff must demonstrate that 'there is a sufficiently close nexus' between the government and the challenged conduct such that the conduct 'may be fairly treated as that of the State itself.' " *Gallagher*, 49 F.3d at 1448 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).  "We have stated that under this approach, a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  *Johnson*, 293 F.3d at 1203 (internal quotation marks and citation omitted).  "Merely availing oneself of state judicial procedures is insufficient to constitute state action."  *Id.* (citation omitted).  Mr. Mayhew has not alleged a nexus

or close relationship between the state and the Defendants.  Nor has he alleged that the state exercised coercive power or provided significant encouragement to the Defendants.  Dissolution of marriage is governed by state law.  *See* Colo. Rev. Stat. §§ 14-10-101 *et seq.* (Colorado's Uniform Dissolution of Marriage Act).  Merely following a legal procedure established by state law does not transform a private party's activity into state action.  The allegations of the Amended Complaint do not support state action under the nexus test.

Third, "[u]nder the joint action test, state action is also present if a private party is a willful participant in joint action with the State or its agents." *Johnson*, 293 F.3d at 1205 (internal quotation marks and citations omitted).  "When applying this analysis, courts generally examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.*  "Most decisions discussing this concept hold that if there is a substantial degree of cooperative action between state and private officials, or if there is overt and significant state participation in carrying out the deprivation of the plaintiff's constitutional rights, state action is present." *Id.*  "[A] private party's mere invocation of state legal procedures [does not] constitute[ ] joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law." *Lugar*, 457 U.S. at 939 n. 21 (internal quotations omitted). Mr. Mayhew has not alleged that the Defendants acted jointly with the state.  Allegations of state law violations or private misuse of state legal procedures do not bring Defendants' conduct "within the ambit of § 1983." *Cobb v. Saturn Land Co., Inc.*, 966 F.2d 1334, 1336 (10th Cir. 1992).

Joint action may be found if the private party conspired with the state in order to deprive someone of his or her constitutional rights. *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).  "[A] federal conspiracy action . . . requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an

agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).  Mr. Mayhew alleges that Defendants conspired with each other to deprive him of his constitutional rights.  He does not allege that Defendants conspired with the state.  Mr. Mayhew's Amended Complaint does not contain factual allegations of any specific agreement, meeting of the minds, cooperation, or concerted action from which a conspiracy between the Defendants could be inferred.  Mr. Mayhew fails to allege what role each alleged co-conspirator played.  *See Scott v. Hern*, 216 F.3d at 908 (upholding dismissal of an amended complaint that failed to provide factual averments as to the nature of the alleged conspiracy or the defendant's role in the alleged activities).  Mere conversations between the Defendants do not state a claim that the Defendants conspired to violate Mr. Mayhew's rights.  *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Professor Tonkovich presents us with nothing more than conclusory allegations.  We do not think it is reasonable to infer, for example, that because certain Law School faculty members met with certain administrators during the investigation, they were conspiring with one another and with the Hearing Committee who ultimately found against Professor Tonkovich").

Mr. Mayhew's allegations of a conspiracy are conclusory, with no facts alleged other than the harm he suffered.  (*See* Doc. # 47 at pp. 13-14 of 17).  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks and citation omitted).  "Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *Id. Tonkovich*, 159 F.3d at 533 (while allegations of conspiracy may form the basis of a § 1983 claim, a plaintiff must allege specific facts showing an agreement and concerted

action amongst the defendants) (citation omitted);  *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir. 1990)  (dismissing conspiracy claim because plaintiff offered no evidence of communication between alleged co-conspirators and nothing that would even give rise to the inference that they conspired);  *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("in a § 1983 action, . . . mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action") (citation omitted).  Mr. Mayhew fails to allege the facts necessary to state a claim for conspiracy under § 1983.  Thus, the allegations of the Amended Complaint do not support state action under the joint action test.

Finally, "the state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution."  *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (internal quotation marks and citation omitted).  "If the state exercises such coercive power or provide[s] such significant encouragement, either overt or covert over a private entity's actions, by law, those actions are ascribed to the state."  *Probst v. Cent. Ohio Youth Ctr.*, 511 F. Supp. 2d 862, 867 (S.D. Ohio 2007) (internal quotation marks and citation omitted).  "The state agency must do more than approve the private entity's conduct or course of behavior for the private entity's actions to be attributable to the state."  *Id.*  "Coercion or encouragement perpetrated by the state typically takes the form of action undertaken by the state that compels a private entity to act in a particular way."  *Daniels v. Retired Senior Volunteer Program*, 2006 WL 783438 (S.D. Ohio Mar. 27, 2006) (citations omitted).  The Amended Complaint contains no allegations that the state coerced or compelled the Defendants to take any action.  The allegations of the Amended Complaint do not support state action under the state compulsion test.

In sum, the court concludes that the Amended Complaint does not set forth facts

that would suggest that the Defendants were functioning in any capacity other than as private actors.  Even construing the Amended Complaint in a light most favorable to Mr. Mayhew, the court must conclude that he has not adequately alleged that Defendants acted under color of state law.  As the Amended Complaint does not plausibly allege that Defendants were state actors, there is not an adequate basis for Mr. Mayhew's claim against the Defendants based on § 1983 or for this court's jurisdiction under Title 28 U.S.C. § 1331.  Mr. Mayhew's § 1983 claim is properly dismissed.

B.      Quasi-Judicial Immunity

Even if the court could conclude that Defendant Wells acted under color of state law, she also argues that she is entitled to quasi-judicial immunity.  "Judges are absolutely immune from civil liability for judicial acts unless committed in the clear absence of all jurisdiction."  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).  "We have held that [j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order."  *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (internal quotation marks and citations omitted).  *See also Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (judicial immunity extends to officials that perform functions integral to the judicial process);  *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001) (Judicial immunity extends to persons "act[ing] as arms of the court and perform[ing] functions integral to the judicial process.") (internal quotation marks and citation omitted);  *Short v. Oosterhous*, 730 F. Supp. 1037, 1038 (D. Colo. 1990) ("Immunity from suit attaches to the actions of quasi-judicial officers acting within the scope of their authority.") (citation omitted);  *Awai v. Kotin*, 872 P.2d 1332, 1336 (Colo. App. 1993) ("Quasi-judicial immunity thus extends only to those functions intimately

related and essential to the judicial decision-making process.") (citations omitted).
"Absolute immunity for officials assigned to carry out a judge's orders is necessary to
ensure that such officials can perform their function . . . ."  *Moss*, 559 F.3d at 1163.  *See
also Briscoe v. LaHue*, 460 U.S. 325, 335 (1983) ("It is precisely the function of a judicial
proceeding to determine where the truth lies. The ability of courts, under carefully
developed procedures, to separate truth from falsity, and the importance of accurately
resolving factual disputes in criminal (and civil) cases are such that those involved in
judicial proceedings should be given every encouragement to make a full disclosure of
all pertinent information within their knowledge.") (internal quotation marks and citation
omitted).

"[F]or the defendant state official to be entitled to quasi-judicial immunity, the
judge issuing the disputed order must be immune from liability in his or her own right,
the officials executing the order must act within the scope of their own jurisdiction, and
the officials must only act as prescribed by the order in question."  *Moss*, 559 F.3d at
1163.  *See also Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (same).  It is
undisputed that Defendant Wells was appointed by the state court and conducted an
investigation as required by the appointment order.  Mr. Mayhew's allegations against
Defendant Wells are based solely on conduct pursuant to the state court's appointment
order.  (*See* Amended Complaint (Doc. # 47) at ¶¶ 7, 21-24, 36-39, 43-44).  A CFI
appointed by the court

> may be an attorney, a mental health professional, or any other individual
> with appropriate training, qualifications, and an independent perspective
> acceptable to the court. The child and family investigator for the court shall
> investigate, report, and make recommendations as specifically directed by
> the court in the appointment order, taking into consideration the relevant
> factors for determining the best interests of the child as specified in
> section 14-10-124. The child and family investigator shall make
> independent and informed recommendations to the court, in the form of a
> written report filed with the court, unless otherwise ordered by the court.
> While the child and family investigator shall consider the wishes of the
> child, the child and family investigator need not adopt such wishes in
> making his or her recommendations to the court unless they serve the

16

> child's best interests as described in section 14-10-124. The child's wishes, if expressed, shall be disclosed in the child and family investigator's written report. The child and family investigator may be called to testify as a witness regarding his or her recommendations. The child and family investigator shall comply with applicable provisions set forth in chief justice directives, and any other practice or ethical standards established by rule, statute, or licensing board that regulates the child and family investigator.

Colo. Rev. Stat. § 14-10-116.5. Mr. Mayhew does not allege that the state court judge did not have jurisdiction to appoint a CFI or that the appointment was not a facially valid order, such that judicial immunity would not apply. Mr. Mayhew does not allege that the Defendant Wells lacked authority to act on or exceeded the scope of the appointment by the state court. Mr. Mayhew has pled no facts to avoid the application of quasi-judicial immunity to Defendant Wells.

The Tenth Circuit has determined that a psychologist acting as a court-appointed evaluator who performed an evaluation in relation to a child custody proceeding was entitled to quasi-judicial immunity. *Martinez v. Roth*, 53 F.3d 342 at ** 2-3 (10th Cir. April 26, 1995). *See also Harrington v. Wilson*, 2006 WL 2724094 (D. Colo. Sept. 21, 2006) (private psychologist appointed by state court as Special Advocate to make recommendations regarding parental responsibilities in dissolution of marriage not a state actor); *Webster v. Bronson*, 2009 WL 3185922 at * 4 (W.D. Wash. Oct. 2, 2009) (court appointed child custody investigator entitled to quasi-judicial immunity from federal civil rights claim brought pursuant to § 1983). In Colorado, a court-appointed psychologist acting pursuant to a court appointment order "to assist in post-dissolution of marriage proceedings with issues of child custody and visitation" is entitled to quasi-judicial absolute immunity "for making evaluations and recommendations." *Awai*, 872 P.2d at 1336 (citations omitted). *See also Diehl v. Danuloff*, 618 N.W. 2d 83, 88-90 (Mich. App. 2000) ("court appointed psychologist . . . ordered to conduct a psychological evaluation and submit a recommendation to the trial court in a custody proceeding is entitled to absolute quasi-judicial immunity") (collecting state cases); *Akbarnia v.*

*Deming*, 845 F. Supp. 788, 790 (D. Kan. 1994) (licensed psychologists who performed court-ordered evaluations were entitled to "judicial function immunity" under Kansas Tort Claims Act).  The court concludes that even if it could be determined that Defendant Wells acted under color of state law, she is entitled to quasi-judicial immunity from Mr. Mayhew's claims and thus properly dismissed from this civil action.

C.      Supplemental Jurisdiction

First, Mr. Mayhew identifies his state law claims as "Reserved" and sets forth no factual allegations to support his claims.  Mr. Mayhew cites and the court finds no legal authority for alleging a "reserved" claim.  As Mr. Mayhew's state law claims are supported by no facts, he has not framed "a complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.

Further, in accordance with 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction."  *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  As the court recommends dismissal of Mr. Mayhew's § 1983 claim, the only claim over which this court could have had original jurisdiction, the supplemental state law claims are properly dismissed.

IV.     Conclusion

The court recommends dismissal of Mr. Mayhew's First Claim for Relief based on lack of subject matter jurisdiction, failure to allege state action, failure to state a claim upon which relief can be granted for civil conspiracy, and quasi-judicial immunity.  The

court recommends dismissal of Mr. Mayhew's Second and Third Claims for Relief based on failure to state a claim upon which relief can be granted and based on the discretion to decline to exercise supplemental jurisdiction over state-law claims.  The court determines that it need not reach Defendants' additional arguments for dismissal: lack of diversity of citizenship, the amount in controversy, the *Rooker-Feldman* doctrine, and the domestic relations exception to federal jurisdiction.[3]

Accordingly, IT IS RECOMMENDED that:

1.  "The Sakol Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction" (filed January 7, 20110) (Doc. # 58) be GRANTED.

2.  The "Motion to Dismiss Amended Complaint" filed by Defendants J.M. Stanlee West-Watt and the Law Office of M. Stanlee West-Watt on January 21, 2011 (Doc. # 63) be GRANTED.

3.  "Defendant Jane M. Wells and Jane M. Wells, J.D., Ph.D, L.L.C.'s Motion to Dismiss Pursuant to Fed. Civ. R. 12(b)(6)" (filed March 18, 2011) (Doc. # 72) be GRANTED.

---

[3]    To the extent that the First Claim for Relief may be dismissed based on lack of subject matter jurisdiction and the Second and Third Claims for Relief may be dismissed for lack of supplemental jurisdiction, such dismissal must be without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 10060 ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.  A suit dismissed for lack of jurisdiction cannot also be dismissed with prejudice; that's a disposition on the merits, which only a court with jurisdiction may render.") (citation, parentheses, and internal quotation marks omitted); *Bauchman ex rel Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("[i]f federal claim are dismissed before trial, leaving only issue of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (internal quotation marks and citation omitted).  To the extent that the First Claim for Relief may be dismissed for failure to allege state action and based on quasi-judicial immunity, such dismissal may be with prejudice.  *See Curley v. Perry*, 246 F.3d 1278, 1281 (10th cir. 2001) (affirming dismissal with prejudice under Fed, R. Civ. P. 12(b)(6) for failure to state a claim where patently obvious that plaintiff could not prevail on the facts alleged and allowing an opportunity to amend would be futile).

      4.      This civil action be dismissed in its entirety.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require

review).

DATED at Denver, Colorado, this 9th day of May, 2011.

BY THE COURT:


    s/Craig B. Shaffer        
United States Magistrate Judge