IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02684-PAB-CBS

DOUGLAS A. MAYHEW,

    Plaintiff,

v.

JANET M. STANLEE WEST-WATT,
LAW OFFICE OF M. STANLEE WEST-WATT,
BARRE M. SAKOL,
BARRE M. SAKOL, P.C., and
JANE M. WELLS,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 82] filed by United States Magistrate Judge Craig B. Shaffer on May 9, 2011. Magistrate Judge Shaffer recommends that the Court grant defendants' motions to dismiss [Docket Nos. 58, 63, 72]. The Recommendation advised the parties of their right to file objections to the Recommendation within fourteen days of service of a copy of the Recommendation. Plaintiff filed untimely objections on May 27, 2011 [Docket No. 83].[1] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate

---

[1] Plaintiff submitted his objections via facsimile shortly after 5:00 p.m. on May 26, 2011. *See* Docket No. 83. "Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day." D.C.COLO.LCivR 5.1(B).

review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Despite plaintiff's failure to file timely objections, the Court chooses to review de novo those aspects of the Recommendation to which plaintiff has posed an objection. *See* Fed. R. Civ. P. 72(b)(3).[2] Because plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

This case arises out of state court proceedings relating to the dissolution of plaintiff's marriage. Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against his legal counsel, legal counsel for his former wife, and a court-appointed investigator in that case. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). The Recommendation concludes that plaintiff's complaint fails to adequately allege conduct "under color of state law" against defendants Janet M. "Stanlee" West-Watt and Law Office of M. Stanlee West-Watt ("West-Watt Defendants") or against defendants Barre M. Sakol and Barre M. Sakol, P.C. ("Sakol Defendants"). The West-Watt Defendants were legal counsel to plaintiff's former wife and the Sakol Defendants were plaintiff's legal counsel in the state court dissolution of marriage action. Plaintiff alleges that the West-Watt and Sakol Defendants' conduct in

---

[2]*Cf. Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) ("This court has adopted a 'firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's [Recommendation] waives appellate review of both factual and legal determinations. . . . [I]t is well-settled in this circuit that a district court's decision to review [a Recommendation] *de novo*, despite the lack of an appropriate objection, does not, standing alone, preclude application of the waiver rule.").

that proceeding violated his federal rights and constituted state action because of their status as "officers[] of the court." Docket No. 47 at 2-3, ¶¶ 5-6. However, "'[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Goetz v. Windsor Cent. School Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984)). Furthermore, plaintiff alleges no facts demonstrating that the attorneys' conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Plaintiff also brings his § 1983 claim against defendant Jane M. Wells, a Child Family Investigator ("CFI") who was apparently appointed by the court. *See* Docket No. 47 at 3, ¶ 7 and 6, ¶ 21. Plaintiff contends that Wells was a state actor because she was an "officer of the court." Docket No. 47 at 3, ¶ 7. Even assuming that Wells' conduct is attributable to the state, she is entitled to quasi-judicial immunity for the opinions she offered pursuant to her appointment by the court. *See Ludwig v. Berks County, Pa.*, 313 F. App'x 479, 482 (3d Cir. 2008) ("The District Court also correctly held that Drs. Rotenberg and Ring, who the court appointed to evaluate the parties, and custody masters Meyers and Ullman, are entitled to judicial immunity because they acted as arms of the court.") (citing *Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001)); *cf. Valdez v. City and County of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989).

Plaintiff's complaint refers to an alleged conspiracy among the defendants. "Because the attorney defendants are private actors, [plaintiff] can only state a cognizable § 1983 claim against them if he adequately alleges that these defendants

3

conspired with [state actors] to violate his federal rights." *Beedle*, 422 F.3d at 1073; *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) ("Private individuals and entities may be deemed state actors . . . if they have 'acted together with or [have] obtained significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'") (quoting *Lugar*, 457 U.S. at 937). Plaintiff's allegations regarding an alleged conspiracy among the defendants are insufficent to support his claim. *See Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) ("'When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.'") (quoting *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000)). Plaintiff alleges that a former employee of one of the law firms provided him with information regarding "the true depth and nature of these defendant's [sic] misconduct, their troubling actions, collusion and formulating [sic] a plan for Defendant Wells to implement." Docket No. 47 at 9, ¶ 37; *see id.* at 7, ¶ 27. Plaintiff fails to include any facts he learned from the former employee to support such a characterization. The substance of the single fact alleged, *see* Docket No. 47 at 10, ¶ 40, is insufficient on its own to state a conspiracy claim and, in any event, describes a conversation exclusively between private actors which has no apparent relationship with any state conduct.

Plaintiff also attempts to "reserve" two state law claims in his complaint. *See* Docket No. 47 at 14. The Recommendation recommends that the Court should decline

to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[3] Plaintiff has posed no objection to this aspect of the Recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to determine if there is any "clear error on the face of the record."[4] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Having done so, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff purports to "reserve" and will dismiss such claims without prejudice.[5]

Finally, in his objections, plaintiff requests that "the Court enter an Order permitting [him] to file a second amended complaint, and/or dismiss [his] claims for lack of subject matter jurisdiction solely." Docket No. 83 at 4. In regard to plaintiff's request

---

[3] The Recommendation found that, by failing to allege facts, plaintiff has failed to adequately state his claims. As stated below, however, the Court will decline to exercise supplemental jurisdiction over any purported state claims.

[4] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[5] The Court notes that plaintiff also objects to denials by Magistrate Judge Shaffer of his requests for extensions of time to respond to the motions to dismiss. *See* Docket No. 83 at 3, ¶ 10. He did not file timely objections to these orders, *see* Fed. R. Civ. P. 72(a), and, in any event, was able to offer substantive responses to defendants' arguments in his objections to the Recommendation.

for leave to amend, the Local Rules of this District are clear that a motion "shall be made in a separate paper." D.C.COLO.LCivR 7.1.C. No motion to amend is pending before the Court. *See Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion.").

In any event, the basis for plaintiff's request for leave to amend is to have the opportunity to incorporate what he describes as "newly discovered evidence." *See* Docket No. 83 at 2, ¶ 7. Plaintiff attached that evidence to his objections, *see* Docket No. 83 at 6-9, and the Court concludes that it would not alter the analysis above in any way. For that reason, the Court denies plaintiff's request to amend his complaint as futile and will dismiss plaintiff's federal claim with prejudice.[6] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citation omitted); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has

---

[6]Plaintiff invokes 28 U.S.C. § 1331 as the basis of this Court's jurisdiction over his federal claim. Therefore, the aforementioned pleading deficiencies do not implicate this Court's subject matter jurisdiction and permit the Court to dismiss his claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Mehdipour v. Matthews*, 386 F. App'x 775, 778 n.3 (10th Cir. 2010) (unpublished) ("[P]laintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3). If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).") (citations omitted).

alleged and it would be futile to give him an opportunity to amend.") (quotation marks, citation, and alteration omitted).

For the foregoing reasons, it is

**ORDERED** that, to the extent discussed above, the Recommendation [Docket No. 82] is ACCEPTED. It is further

**ORDERED** that defendants' motions to dismiss [Docket Nos. 58, 63, 72] are GRANTED. It is further

**ORDERED** that plaintiff's first claim for relief, brought pursuant to 42 U.S.C. § 1983, is DISMISSED with prejudice. It is further

**ORDERED** that plaintiff's second and third claims for relief are DISMISSED without prejudice.


DATED July 28, 2011.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge