IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02684-PAB-CBS

DOUGLAS A. MAYHEW,

    Plaintiff,

v.

JANET M. STANLEE WEST-WATT, et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) [Docket No. 87], emergency motion requesting that the Court deem the Rule 59(e) motion as timely filed [Docket No. 88], and motion to correct the record in this case pursuant to Fed. R. App. P. 10(e) [Docket No. 108].

On July 28, 2011, the Court [Docket No. 85] accepted a Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 82] and granted defendants' motions to dismiss [Docket Nos. 58, 63, 72] plaintiff's claims. Judgment entered on August 2, 2011 [Docket No. 86]. In the July 28 Order, the Court reviewed the Recommendation de novo despite concluding that plaintiff filed untimely objections to the Recommendation. *See generally* Fed. R. Civ. P. 72(b).

In his motion to alter or amend the judgment, plaintiff asserts that the Court's July 28 order dismissing his claims was in error, but he identifies no basis for the Court

to upset any aspect of that order or the resulting judgment.  Plaintiff further requests that his objections to the Recommendation be deemed timely.  The Court, however, reviewed the Recommendation de novo despite having found the objections to be untimely.  To the extent plaintiff is concerned that the Tenth Circuit might conclude that he waived certain arguments on appeal, that is an issue to be raised in that court.  *Cf. Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) ("This court has adopted a 'firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's [Recommendation] waives appellate review of both factual and legal determinations. . . .  [I]t is well-settled in this circuit that a district court's decision to review [a Recommendation] *de novo*, despite the lack of an appropriate objection, does not, standing alone, preclude application of the waiver rule.").  Therefore, the Court will deny plaintiff's motion to alter or amend the judgment [Docket No. 87].

Plaintiff's "emergency" motion [Docket No. 88] will also be denied.  Plaintiff requests that his motion to alter or amend the judgment be deemed filed within the twenty-eight day time period provided in Fed. R. Civ. P. 59(e) despite it being received in the Clerk's Office by facsimile after 5:00 p.m. on the twenty-eighth day.  Plaintiff contends that he attempted to transmit the filing prior to 5:00 p.m. but that, due to technical issues he attributes to the Clerk's Office facsimile machine, it was not received until after 5:00 p.m.[1]  That does not constitute a timely filing.  Timeliness is not determined by the time of transmission as reflected on a party's facsimile machine.  Rather, "[f]acsimiles *received* by the clerk after 5:00 p.m. (Mountain Time) will be

---

[1] The Court notes that it is not empowered to extend Rule 59(e)'s twenty-eight day time period.  *See* Fed. R. Civ. P. 6(b)(2).

2

considered filed as of the next business day." D.C.COLO.LCivR 5.1(B) (emphasis added). As would be the case with a filing in person, the relevant time is determined by the Clerk's Office clock. *Cf.* D.C.COLO.LCivR 77.1. Arriving at the courthouse in the few minutes preceding 5:00 p.m. to file a paper risks a late filing.[2] So, too, does attempting to transmit a facsimile to the Court in the last minutes before 5:00 p.m. as reflected on one's own clock or facsimile machine. *Cf.* Fed. R. Civ. P. 6(a)(3)(B) ("Unless the court orders otherwise, if the clerk's office is inaccessible . . . during the last hour for filing under Rule 6(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.").[3]

For this reason, the Court will also deny plaintiff's request in his motion to "correct" the filing times of various documents in this case. *See* Docket No. 108. Plaintiff has not identified any issue regarding "whether the record truly discloses what occurred in the district court." Fed. R. App. P. 10(e)(1); *cf. Mayhew v. West-Watt, et al.*,

---

[2] *Cf. Metz v. Supreme Court of Ohio*, 2001 WL 1842455, at *6 (S.D. Ohio Jan. 16, 2001) ("'Time' is a metaphysical concept. Common experience teaches that rarely will two clocks show the same time. Everyday life is not synchronized with the atomic clock at the Naval Observatory. Thus, whether it was 4:58 p.m., as the security guard's log reflected, or 4:59 p.m., as the clock on the wall of the Clerk's office showed, viewing the facts in the light most favorable to Plaintiff, it was clearly close enough to the 'real' 5:00 p.m. that Ms. Dix could not have abused her discretion or violated Plaintiff's due process rights by determining that the 'official' time for the filing of Plaintiff's brief had elapsed. Therefore, the Court finds no merit in Plaintiff's due process claims.").

[3] Furthermore, plaintiff did not identify any exigency supporting his "emergency" motion. Plaintiff did not wait for resolution of his motion to alter or amend judgment to file his appeal, but rather filed a notice of appeal a day after filing his "emergency" motion. *See* Docket No. 91. The Court further notes that the Clerk of the Court for the Tenth Circuit Court of Appeals denied plaintiff's motion to abate the appeal on November 16, 2011, concluding that the motion in this case was filed one day late under Rule 59(e).

No. 11-1405 (10th Cir. Dec. 23, 2011) ("To the extent appellant is seeking a remand to the district court pursuant to Fed. R. App. P. 10(e) for correction of the record, the motion is denied. Appellant's concerns appear to pertain to a discrepancy between times shown on his fax machine and times reflected by the district court's fax equipment. As such, his concerns pertain to internal district court matters - not to the substance of the record filed with this court. To the extent the appellant has concerns regarding the accuracy of the district court's fax equipment, he may wish to present those concerns to the district court. However, those concerns do not implicate Fed. R. App. P. 10 (e) or require a remand from this court.").

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) [Docket No. 87], emergency motion requesting that the Court deem the Rule 59(e) motion as timely filed [Docket No. 88], and motion to correct the record in this case pursuant to Fed. R. App. P. 10(e) [Docket No. 108] are DENIED.

DATED May 11, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge